UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF NESTOR GARCIA, § § § § § § § § § § § § § | |
| *Plaintiff/Petitioner*, | |
| v. | Civil Action No. 3:24-CV-0360-X |
| ARLETTE VALERIA JASSO POSADA, | |
| *Defendant/Respondent*. | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Nestor Garcia's motion for expenses. (Doc. 75). After reviewing the motion, response, and applicable law, the Court **GRANTS** Garcia's motion. The Court **ORDERS** Respondent Arlette Valeria Jasso Posada $4,583.54 in expenses related to Garcia having to file suit in this Court.

In his motion, Garcia seeks $4,583.54 for the following expenses: air travel, lodging, rideshares, and courier and delivery charges.[1] Under 22 U.S.C. § 9007(b)(3), a prevailing petitioner in a Habeas Convention case is entitled to "court costs, legal fees, foster home, or other care during the course of proceedings in the action, and transportation costs . . . unless the respondent establishes that such order would be clearly inappropriate." Respondent Arlette Valeria Jasso Posada argues that awarding $4,583.54 to Garcia would be "clearly inappropriate" because it would impair her ability to care for the child and that she had a good-

---

[1] Doc. 75 at 1, 8.

1

faith basis for removing her child to Mexico.[2] The Court disagrees with Posada for two reasons.

First, while Posada states awarding $4,583.54 "would significantly impair her ability to care for the child," Posada does not offer any further explanation or evidence as to why such an award would impair her ability to take care of the child. For example, would such an award impair Posada's ability to pay rent? Would it impair her ability to provide the child with adequate food? Unfortunately, Posada's lack of depth in her briefing means the Court cannot find that awarding the requested expenses would be "clearly inappropriate."

Second, the Court cannot find that such an award is clearly inappropriate based on Posada's good faith argument. During this lawsuit, evidence arose that Posada asked Garcia to sign the passport application for the child, and Garcia refused. Then Posada covertly took the child to the United States under the guise of taking him to the beach from October 9, 2023, to October 13, 2023. But instead of going to the beach, Posada fled to Texas with the child and texted Garcia the truth only once she had fled. On this record, the Court cannot find that a good faith basis for removal means an award of expenses is clearly inappropriate.

---

[2] Doc. 79.

**IT IS SO ORDERED** this 15th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE